Mathias, Judge, concurring.
[32] I concur fully with my colleagues in this case. The law and cases cited are exactly correct.
[33] I write only to state the obvious. While Canfield's agreement to meet the uniformed officer outside his place of employment amounts to a consensual encounter under the law, the fact of the matter is that few Hoosiers are aware of their right to refuse to speak with a uniformed law enforcement officer under circumstances like Canfield faced in this case, other than to provide identification. This is similar to the law regarding the circumstances faced by Hoosiers in a roadside traffic stop. See R.H. v. State , 916 N.E.2d 260 (Ind. Ct. App. 2009) (Mathias, J., concurring), trans.
*574 denied ; Overstreet v. State , 724 N.E.2d 661 (Ind. Ct. App. 2000) (Robb, J., dissenting).